## PETER G. GARDNER

v.

## DWELLING HOUSE INSURANCE COMPANY.

*Practice—Bill for Review—Judgment on Demurrer—Interlocutory Decree.*

A decree that a former decree be reviewed is but interlocutory, and no appeal will lie therefrom.

[Opinion filed March 8, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. E. K. SMITH, for appellant.

Messrs. HARBERT & DALEY, for appellee.

GARY, J.   The appellee filed in the Superior Court a bill for an account against the appellant, to which he demurred, and his demurrer was sustained and the bill dismissed at the March term, 1891.   To the May term following, the appellee filed its bill to review the decree dismissing the former bill, presenting excuses for not attending upon the hearing of the demurrer.   To this bill the appellant demurred; the demurrer was overruled; he stood upon it; the bill of review was taken as confessed; the former decree set aside; the first demurrer overruled; and the appellant ruled to answer the original bill.   From that action of the court the appeal is taken, and the appellee moves to dismiss the appeal, on the ground that all that the court has done upon this bill of review is interlocutory and not final, and that only from final decrees will appeals lie.

The motion must be sustained.   When the demurrer to the bill of review was overruled, and the bill taken as confessed, it followed that the former decree must be reviewed,

for the judgment of the court on the demurrer is in effect that the bill of review shows sufficient cause therefor. Had the appellant desired to answer the bill of review he might, but if it be true in fact, there was no object in so doing.

But whether a decree be entered upon demurrer, or after hearing evidence, that the former decree be reviewed, in either case it is but interlocutory. It has the same effect, and no other, as granting a petition for rehearing presented within the time during which such petition is regular. Whether a rehearing shall be obtained by petition, bill of review or bill in the nature of a bill of review under the English practice, depends upon the stage to which the decree had passed. 2 Dan. Chy. 1459 to 1584 inclusive. Here where the adjournment of the term fixes rights, perhaps it is safe to say that only by petition during the term, and bill of review afterward, can a rehearing be had.

When the rehearing is ordered, however obtained, the cause must proceed *de novo* to a final decree, before an appeal will lie under our statute.

