## Frank Adamski v. John Wieczorek.

1. DECREES—*What are Final.*—When a decree finally decides and dis poses of the whole merits of the controversy and reserves no questions or requires no further directions for the future judgment of the court as between the parties and over the subject-matter, it is a final decree.

2. SAME—*What are Interlocutory.*—A decree in which the party in whose favor it is made can not obtain the benefit thereof without further hearing before the court, is interlocutory.

3. ERROR—*Does Not Lie to Reverse an Interlocutory Decree.*—A writ of error does not lie to reverse an interlocutory decree.

**Bill of Review.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Writ of error dismissed. Opinion filed November 19, 1896.

### STATEMENT OF THE CASE.

This was a bill of review filed February 18, 1892, by Wieczorek against said Adamski and one Jalowski and wife.

The two latter do not seem to have been served. The bill of review sought to vacate a decree entered July 16, 1890, in the Superior Court, wherein said Wieczorek was plaintiff and said Adamski defendant. Wieczorek and Jalowski having made a warranty deed to Adamski of lots 51 and 53, in block 31, of S. 19, T. 39 N., R. 14, Chicago, Illinois; on August 5, 1890, Wieczorek filed the original bill against Adamski, claiming this deed to be a mortgage to secure the payment of $3,300 and interest. Adamski answered, denying the allegations of this bill. The case was referred to a master, the evidence of the various parties taken, and the master reported, finding that the deed from Wieczorek and Jalowski and wives to Adamski was not a mortgage, but conveyed the title in fee simple to the property in question. On June 2, 1891, a decree was entered confirming the master's report and dismissing the complainant's bill for want of equity at plaintiff's cost. The bill of review sought to set aside this decree for alleged fraud.

Edward J. Walsh and Elmer E. Parks, attorneys for plaintiff in error.

A. G. Anderson and F. W. Proudfoot, attorneys for defendant in error.

Mr. Justice Waterman delivered the opinion of the Court.

The decree to reverse which the writ was sued out in this court, is as follows:

" This cause having come on to be heard upon the bill of review and the amendment thereto of complainant, and the answer of the defendant thereto and the replication of the complainant to such answer, and the court having heard the testimony introduced in open court and the arguments of the counsel for the respective parties, and being fully advised in the premises, doth find that all the allegations in said complainant's bill are true.

It is therefore ordered, adjudged and decreed that the

decree entered on the 2d day of June, 1891, in the original suit of John Wieczorek v. Frank Adamski, lately pending in this court, numbered 128,446, and all the proceedings had therein, be set aside, and that the said complainant be granted a rehearing in said suit."

The above is not a final decree. When a decree finally decides and disposes of the whole merits of the controversy, and reserves no questions, or requires no further directions for the future judgment of the court as between the parties and over the same subject-matter, it is a final decree. Mills v. Hoag, 7 Paige Ch. R. 18; Kane v. Whittick, 8 Wend. 219; Daniell's Ch. Pl. & Pr. 993; Puterbaugh's Ch. Pl. & Pr. (3d Ed.) page 250; Gardner v. Dwelling House Ins. Co., 44 Ill. App. 156.

A decree in which the party in whose favor it is made can not obtain the benefit thereof without further hearing before the court, is interlocutory. Johnson v. Everett, 9 Paige Ch. R. 636.

The original bill of the defendant in error, with the answers thereto, is now before the court; upon it the complainant therein is entitled to and requires a hearing; without such hearing, the decree to reverse which this suit is prosecuted, will be of no benefit to him.

That decree being interlocutory only, a writ of error to reverse the same does not lie. The writ is therefore dismissed.